# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STANLEY BABBITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:09CV737 RWS |
| | ) |
| ST. LOUIS METROPOLITAN | ) |
| POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Stanley Babbitt (registration no. 27921), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.40. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $31.00, and an average monthly balance of $12.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.40, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the St. Louis Metropolitan Police Department (the "Department"), William Poats (Detective, the Department), Shell Sharp (Police Officer, the Department), Sanford Willis (same), Archie Shaw (Detective, the Department), the St. Louis Board of Police Commissioners (the "Board"), and Other Unknown Police Officers – City Officials. The complaint seeks monetary relief.

Plaintiff alleges that defendant Poats shot him in the back under the false pretense that plaintiff was threatening Poats's life. Plaintiff claims, in a conclusory

fashion, that defendants Shaw, Sharp, and Willis then conspired with Poats to falsify the reason for the shooting. Plaintiff alleges that the Board and Unknown City Officials "have engaged in a[n] ongoing and continuing policy, practice, and procedure to violate the rights of others, to properly train police and to take corrective actions to stop constitutional violations."

**Discussion**

The complaint survives initial review as to defendant Poats. As a result, the Court will order Poats to respond to the complaint.

Plaintiff's claim against the Department is legally frivolous because the Department is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can survive review under 28 U.S.C. § 1915(e). See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993). There are no

specific factual allegations that would show that defendants Shaw, Sharp, and Willis had a meeting of the minds with Poats to deprive plaintiff of his constitutional rights; plaintiff's allegations regarding a conspiracy are conclusory. As a result, the complaint does not state a claim for civil conspiracy under § 1983.

Plaintiff's allegations regarding the Board and Unknown City Officials are vague and conclusory. The complaint does not set forth any facts that, which if proved, would entitle plaintiff to relief against these defendants. As a result, the complaint fails to state a claim against these defendants.

For these reasons, the Court will dismiss defendants St. Louis Metropolitan Police Department, Sharp, Willis, Shaw, St. Louis Board of Police Commissioners, or Other Unknown Police Officers – City Officials from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.40 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Poats.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Poats shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants St. Louis Metropolitan Police Department, Sharp, Willis, Shaw, St. Louis Board of Police Commissioners, or Other Unknown Police Officers – City Officials because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

---

[1]Defendant Poats is alleged to be a detective with the St. Louis Metropolitan Police Department.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of May, 2009.

                                                                                                _____
                                                                                                RODNEY W. SIPPEL
                                                                                                UNITED STATES DISTRICT JUDGE